George L. Howell v. T. Felker, Director of Corrections, et al., CV 08-1799 CTB

Order re 42 U.S.C. § 1983 Complaint

Plaintiff George L. Howell ("Howell"), a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the unnamed director of the California Department of Corrections ("CDC"), and various officials of the High Desert State Prison ("HDSP") in Susanville, California,[1] as well as the Pleasant Valley State Prison ("PVSP") in Coalinga, California.[2] Howell alleges he has been denied adequate medical attention and subjected to harsh living conditions in violation of the Eighth Amendment. Howell also alleges retaliation in violation of the First Amendment. This action is DISMISSED without prejudice, because Howell has failed to state a claim against any of the defendants.

I.  Background

Howell filed his complaint on August 4, 2008. (Docket No. 1.) The case was assigned to a district court judge before being reassigned on December 23, 2008 to Judge Carlos T. Bea of the Ninth Circuit, who sits by designation. (Docket No. 10.)

Howell's pro se complaint is difficult to follow, uses unspecified acronyms, and provides an incomplete chronology. But the complaint appears to allege as follows. Howell is an inmate at the HDSP in Susanville, California. Howell suffers from "serious chronic lungs disease, COPD [chronic obstructive pulmonary disease], lower back spine injury, HTN [hypertension], multiple sclerosis, significant herniation with canal stenosis at C4–5, [a] painful right testic[le], [and] permanent [im]mobility on [a] wheelchair." Id. at 2.

Howell alleges that he suffers from "inadequate medical care" and "harsh living condition[s]." Id. at 3. He alleges that, "[a]lthough the doctor has prescribed the oxygen machine (breathing treatment)[,] HDS Prison medical refuse to provide the breathing treatment." Id. at 4. He alleges that his medical condition

---

[1] These defendants include: Warden Felker; C.M.O Rochel (presumably the "chief medical officer"); Dr. James; Dr. Jagne; and "c/o" Jackson (title unknown).

[2] The unnamed warden, the unnamed C.M.O., and Dr. Duenas.

1

"worsens . . . every day, because he is not receiving adequate medical attention." Id. at 3–4. He requests a "transfer[ ] to a[n] institution where he would be allowed to keep his oxygen machine in his cell and use it whenever need arises." Id. at 4–5. He also alleges that he and other "inmates are being housed in [a] 'gym' due to overcrowding, where there is no privacy, and noise all night," and they cannot get "proper sleep and . . . fear for their lives every second, because of fights and riots." Id. at 5. He alleges a lack of "privacy using [the] toilet, showers, toothbrush, toothpaste, soap, sanitary napkins, fresh air, exercise, proper diet and proper clothing[ ]." Id. at 3.

Howell further alleges that "[a] terrible but common consequence of [his] activism is harassment and retaliation." Id. at 4. Howell seeks injunctive relief to transfer him to another prison and to provide him with proper medical care, as well as $8 million in damages. Compl. (Part V of form complaint).

II.  Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the prisoner's complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1124, 1127, 1130 (9th Cir. 2000) (en banc). But pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

III. Discussion

    A.  Exhaustion

        1.  Standard

Under the PLRA, a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that." Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

2.      Analysis

The Court notes that Howell may not have satisfied this exhaustion requirement.³ The second page of his form complaint asks "Is the grievance process completed?" Howell checked "no." Compl. (Part II of form complaint). Howell wrote: "The High Desert do [sic] not respond to CDC-602" appeals. Id. In a handwritten complaint attached to his form complaint, Howell alleged he "is unable to fully exhaust [sic] his administrative remedy (APA-Grievance System) because the prison officials (medical staff) refuse to respond to his CDC-602 Appeals." Id. at 4. Howell goes on to explain that "the Appeals Coordinator at HDS Prison will not issue a log number to any 602 Appeals unless its informal level is exhausted." Id.

The Court need not read these allegations as an admission that Howell did not exhaust his administrative remedies. Liberally construed, these allegations suggest that Howell cannot exhaust his administrative remedies beyond the first formal level of appeal, either because prison officials refuse to attempt the requisite informal resolution, or because those officials simply refuse to process his appeal at the first formal level. See Balistreri, 901 F.2d at 699. Notably, Howell does allege that unnamed prison officials "block preparation and filing of lawsuits, . . . [and] refuse to provide pen [and] papers." Compl. 4.

Accordingly, because PLRA exhaustion is an affirmative defense, see Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir. 2003) (rejecting the Sixth Circuit rule requiring district courts sua sponte to dismiss complaints that fail to allege exhaustion with specificity), and because Howell's allegations do not establish that

---

³ In the CDC, prisoners have the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Admin. Code tit. 15, § 3084.1(a). To exhaust these administrative remedies, a prisoner must proceed through four steps of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second-level appeal to the institution head or designee; and (4) third-level appeal to the Director of the CDC. Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1265 (9th Cir. 2009). A final decision from the Director's level of review satisfies the exhaustion requirement. Aidnik v. Cal. Med. Facility, No. 2:08-cv-02583-HDM-RAM, 2009 WL 3789223, at *2 (E.D. Cal. Nov. 10, 2009) (unpublished disposition).

lack of exhaustion at the first level ("informal resolution") was due to Howell's refusal or failure to so exhaust—in other words, Howell has not pleaded himself out of his case—the Court declines to dismiss this action now, sua sponte, on exhaustion grounds.

### B.     Failure to State a Claim

#### 1.     Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must allege sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Even after Twombly, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations and quotation marks omitted). If the complaint fails to state a claim, the Court has discretion to dismiss the complaint with or without leave to amend. Lopez, 203 F.3d at 1124, 1130.

#### 2.     Analysis

The Court reads Howell's complaint to allege two claims: (1) cruel and unusual punishment in violation of the Eight Amendment, and (2) retaliation in violation of the First Amendment.[4]  Compl. at 3.

---

[4] To the extent Howell alleges a violation of his privacy rights under the Fourteenth Amendment, the Court dismisses this claim without prejudice. "Although the inmates' right to privacy must yield to the penal institution's need to maintain security, it does not vanish altogether," but is subject to a "rational relationship test to determine whether [an] impingement on inmates' right to privacy . . . is reasonably related to legitimate penological interests." See Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988) (internal quotation marks omitted). Howell's conclusory statements of a privacy violation are insufficient to allege a violation of the rational relationship test. Moreover, because Howell alleges no facts whatsoever to support his claims of "excessive

4

The Court first considers the Eighth Amendment claim for cruel and unusual punishment.  To state a claim under § 1983, Howell must allege (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  To establish inadequate medical care under the Eighth Amendment, Howell must allege (1) "deliberate indifference" to (2) a "serious" medical need.  See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

Howell clearly alleges an objectively "serious" medical need—i.e., one a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain.  Id. at 546 n.3.  Howell alleges that he suffers from "serious chronic lungs disease, COPD [chronic obstructive pulmonary disease], lower back spine injury, HTN [hypertension], multiple sclerosis, significant herniation with canal stenosis at C4–5, [a] painful right testic[le], [and] permanent [im]mobility on [a] wheelchair."  Compl. 2.  But Howell does not plead facts to allege subjectively "deliberate indifference"—i.e., that "a prison official . . . knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

Howell alleges only vaguely that the defendants "knew" they were "acting illegally."  Compl. 3.  But Howell does not allege that any of the defendants were aware of Howell's medical need.  Howell does not even allege facts as to any of the defendants by name or title, except as to Warden Felker, who Howell alleges "is in a position of authority such that [Felker] could arrange . . . a transfer for [Howell] away from HDS Prison[,] where [Howell] is not subjected to retaliation and fearful for his well-being and safety, and where he could be adequately treated for his illness."  Id. at 5.  But this allegation refers to Felker's authority, not his actual awareness of a "serious" medical need.

Howell does allege that "the doctor" prescribed the use of an "oxygen machine" for Howell's medical need.  Id. at 4.  But Howell does not specify who

---

force" and a lack of "exercise [and] proper diet," Compl. 3, the Court dismisses these claim without prejudice.

5

this doctor was, or the nature of the oxygen machine.  Similarly, although Howell does allege that medical staff at HDSP refused to provide some unspecified "breathing treatment," he does not allege that any of the medical staff at PVSP did so, or even that he was ever imprisoned at PVSP.[5]  See id.  Even if, under the liberal pro se pleading rule in Erickson, 551 U.S. at 94, these allegations suggest that defendants at HDSP were aware of facts from which they could infer that Howell faced a substantial risk of serious harm, nothing in Howell's complaint suggests that any of those defendants also drew that inference.  Therefore, Howell does not state a claim for deliberate inference against the defendants in this case.[6]  Farmer, 511 U.S. at 837; see also Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (noting that "state prison authorities have wide discretion regarding the nature and extent of medical treatment").

Nor does Howell state a claim for retaliation in violation of the First Amendment.  There is a First Amendment right to petition the government through prison grievance procedures.  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).  To state a retaliation claim, Howell must allege (1) a defendant took some adverse action against him (2) because of (3) Howell's protected conduct and that such action (4) chilled Howell's First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal.  See id. at 567–68.  Howell's only allegation as to retaliation reads: "A terrible but common consequence of Plaintiff's activism is harassment and retaliation."  Compl. 4.  This is conclusory and, therefore, insufficient to state a claim for retaliation against the defendants, even under the liberal pro se pleading rule.

Accordingly, Howell does not state a claim against the defendants.

IV.   Conclusion

For the foregoing reasons, the Court DISMISSES Howell's complaint without prejudice as to all defendants.  The Court grants Howell thirty (30) days

---

[5]  Howell does not allege that he was an inmate at the PVSP in Coalinga before his transfer to the HDSP in Susanville, but he attaches exhibits that suggest this fact.  See, e.g., Compl., Ex. A.

[6]  Howell's allegations about overcrowding in a gym fail for the same reason: Howell does not allege deliberate indifference as to any of the defendants.

from the date of this Order to file an amended complaint that states cognizable claims for relief.  Howell's failure timely to file an amended complaint may result in the dismissal of his case.


Dated: April 22, 2010                          /s/ Carlos T. Bea
                                               _____
                                               United States Circuit Judge